UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWARD S. McLARNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 13-12815-FDS |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certifications, Series 2007-5, ABLITT LAW GROUP, GARRY INGE, KATHE TUTTMAN, MIDDLESEX SUPERIOR COURT, MARINOSCI LAW GROUP, CHRISTINE BENWAY, BRIAN KISER, LEE G. JOHNSON, PAUL YEE, PAUL BURKE, JANE DOE, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, MALDEN DISTRICT COURT, and COMMONWEALTH OF MASSACHUSETTS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR
## TEMPORARY RESTRAINING ORDER

**SAYLOR, J.**

On November 7, 2013, plaintiff Edward S. McLarnon, acting pro se, filed this action, alleging defendants violated his constitutional rights and various federal statutes. Along with the complaint, he filed an "Emergency Motion to Stay Execution of Eviction," requesting the Court stay an eviction scheduled for November 13, 2013, until this action has been adjudicated. Reading liberally plaintiff's pro se filing, this Court construes it as a motion for a temporary restraining order.

This action appears to arise from a mortgage foreclosure. Plaintiff alleges that Deutsche

Bank National Trust Company, its employees, and its legal representatives wrongfully foreclosed on his home and seek improperly now to evict him.  He contends that during the foreclosure and eviction proceedings in Massachusetts Superior Court, the judges and court staff did not allow him to present evidence, file motions, or make a statement on the record.  Plaintiff also alleges that the Commonwealth of Massachusetts is liable for the actions of the judges and court staff on theories of failure to train and failure to supervise.  He alleges that the state courts, judges, and staff have thereby violated 42 U.S.C. § 1983; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.; and the False Claims Act, 31 U.S.C. § 3729 et seq.

  To obtain a temporary restraining order, Fed. R. Civ. P. 65(b) requires that the facts in the complaint "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and his attorney certify "in writing any efforts made to give notice and the reasons why it should not be required."  Furthermore, and among other things, plaintiff must demonstrate the likelihood of success on his claims.  *See Esso Standard Oil Co. (Puerto Rico) v. Monroig–Zayas*, 445 F.3d 13, 18 (1st Cir.2006).

  Based on a review of the present record, plaintiff has not demonstrated that he is likely to prevail on the merits of his claims or that a temporary restraining order is otherwise appropriate.  Accordingly, plaintiff's emergency motion to stay execution of eviction, construed as a motion for a temporary restraining order, is DENIED.

**So Ordered.**

                /s/ F. Dennis Saylor
                F. Dennis Saylor IV
                United States District Judge

Date: November 8, 2013