UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ) | |
| **EDWARD S. McLARNON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. |
| v. ) | 13-12815-FDS |
| ) | |
| **DEUTSCHE BANK NATIONAL TRUST** ) | |
| **COMPANY, as Trustee for HarborView** ) | |
| **Mortgage Loan Trust Mortgage Loan Pass-** ) | |
| **Through Certifications, Series 2007-5,** ) | |
| **ABLITT LAW GROUP, GARRY INGE,** ) | |
| **KATHE TUTTMAN, MIDDLESEX** ) | |
| **SUPERIOR COURT, MARINOSCI LAW** ) | |
| **GROUP, CHRISTINE BENWAY, BRIAN** ) | |
| **KISER, LEE G. JOHNSON, PAUL YEE,** ) | |
| **PAUL BURKE, JANE DOE, JOHN DOE #1,** ) | |
| **JOHN DOE #2, JOHN DOE #3, MALDEN** ) | |
| **DISTRICT COURT, and** ) | |
| **COMMONWEALTH OF** ) | |
| **MASSACHUSETTS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER ON DEFENDANTS'
MOTIONS TO QUASH**

**SAYLOR, J.**

On November 7, 2013, plaintiff Edward S. McLarnon, acting pro se, filed this action, alleging that defendants violated his constitutional rights and various federal statutes. On December 3, 2013, he filed returns of service of the summons on multiple named defendants, including Deutsche Bank National Trust Company, Malden District Court, and Middlesex Superior Court. (Dkt. Nos. 12, 14). Those three defendants now move to quash the return of service. (Dkt. Nos. 15, 22). For the reasons set forth below, the motion of Deutsche Bank National Trust Company will be denied as moot, and the motions of Malden District Court and

Middlesex Superior Court will be granted.

I.     **Deutsche Bank National Trust Company's Motion to Quash**

Rule 4(h)(1) of the Federal Rules of Civil Procedure sets forth the manner in which a plaintiff must serve a corporation, partnership, or association in a judicial district of the United States.  In relevant part, he may deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Here, plaintiff's first return of service indicates that he sent the summons for Deutsche Bank National Trust Company by certified mail to attorney Justin Fabella of Hinshaw & Culbertson, LLP, and that an employee of that firm signed the receipt.  Fabella has declared that he is not and has never been authorized to receive service of process on behalf of Deutsche Bank National Trust Company in this case, nor has a waiver of service been filed for this defendant. (Dkt. No. 15-1, ¶ 2).  This method of service does not comply with the Federal Rules of Civil Procedure.  However, plaintiff served defendant again by certified mail (Dkt. No. 19 at 3-5), and attorneys have since entered an appearance on behalf of Deutsche Bank National Trust Company.  Accordingly, the earlier motion to quash will be denied as moot.

II.    **Malden District Court's & Middlesex Superior Court's Motions to Quash**

Rule 4(j)(2) of the Federal Rules of Civil Procedure provides the procedure for service on a state or local government.  The two permitted methods are "delivering a copy of the summons and of the complaint to its chief executive officer" and "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2). The Massachusetts Rules of Civil Procedure, in turn, require that, to effect service on any agency of the Commonwealth, the plaintiff must deliver a copy of the summons and the complaint to "the Boston office of the Attorney General of the Commonwealth, *and* . . .

to [the agency's] office or to its chairman or one of its members or its secretary or clerk." Mass. R. Civ. P. 4(d)(3) (emphasis added).

Here, plaintiff's return of service states that he sent the summonses by certified mail to the Attorney General, but he does not indicate that he also sent copies of the summonses and complaint to either agency, as required by the Rules. Accordingly, the motions to quash will be granted.

### III. Conclusion

For the foregoing reasons, the motion to quash of defendant Deutsche Bank National Trust Company is DENIED as moot, and the motions to quash of defendants Malden District Court and Middlesex Superior Court are GRANTED. The returns of service are hereby quashed. **So Ordered.**

                                              /s/ F. Dennis Saylor  
                                              F. Dennis Saylor IV  
Date: January 9, 2014                  United States District Judge