UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWARD S. McLARNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 13-12815-FDS |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certifications, Series 2007-5, ABLITT LAW GROUP, GARRY INGE, KATHE TUTTMAN, MIDDLESEX SUPERIOR COURT, MARINOSCI LAW GROUP, CHRISTINE BENWAY, BRIAN KISER, LEE G. JOHNSON, PAUL YEE, PAUL BURKE, JANE DOE, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, MALDEN DISTRICT COURT, and COMMONWEALTH OF MASSACHUSETTS, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR DEFAULT
AND DEFENDANTS' MOTIONS TO DISMISS**

**SAYLOR, J.**

This action appears to arise from a mortgage foreclosure. Plaintiff Edward S. McLarnon, acting *pro se*, contends that defendants violated his constitutional rights and various federal statutes.

The complaint is 43 pages long, and somewhat rambling and difficult to follow. Plaintiff alleges that Deutsche Bank National Trust Company, its employees, and its attorneys wrongfully foreclosed on his home and evicted him. He contends that during the foreclosure and eviction proceedings in state court, the judges and court staff did not allow him to present evidence, file

motions, or make a statement on the record.  Plaintiff also contends that the Commonwealth of Massachusetts is liable for the actions of the judges and court staff on theories of failure to train and failure to supervise.

The complaint alleges counts under 28 U.S.C. § 1983; under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*; for a declaratory judgment that a state Supreme Judicial Court decision is unconstitutional; for "judicial hate crimes"; and for "pendent state issues such as attorney fraud, forgery, slander, etc."  Beyond the six listed counts, the complaint appears to assert additional claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; various criminal statutes (18 U.S.C. §§ 3, 4, 241, 242, 249, 371, 1341, 1503, 1623, 2381, 2382); the False Claims Act, 31 U.S.C. § 3729 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and state common law.  The complaint seeks compensatory and punitive damages, declaratory relief, and injunctive relief, including an order that this Court vacate the foreclosure order and eviction judgment.

Defendants each have moved to dismiss the claims under Fed. R. Civ. P. 12(b). Defendant Marinosci Law Group has moved, in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e), and defendant Ablitt Law Group, P.C., has moved, in the alternative, for a stay.  Plaintiff has moved for default as to Ablitt Law Group.[1]  For the reasons set forth below, defendants' motions to dismiss will be granted and plaintiff's motion for default will be denied.

**I.     Background**

The following facts are presented as stated in the complaint and in documents that are uncontested or referred to in the complaint.

---

[1] Before a court may award a default judgment, it must enter a finding of default.  The Court has therefore construed plaintiff's "motion for default judgment" (Dkt. No. 37) to be a motion for default.

On May 14, 2007, McLarnon obtained a loan on a property in Malden, Massachusetts, and granted a mortgage on that property. The mortgage was held as of 2008 by Mortgage Electronic Registration Systems, Inc. ("MERS"), as a nominee for American Brokers Conduit. On August 1, 2008, McLarnon defaulted under the terms of the mortgage. On May 14, 2009, MERS assigned the mortgage to Deutsche Bank National Trust Company, as Trustee for the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-05 ("Deutsche Bank"). The complaint alleges that the assignment was fraudulent because it was "robo-signed" with the name "Linda Green" and because there are gaps in the assignment chain.

On August 13, 2009, Deutsche Bank filed an action under the Soldiers' and Sailors' Civil Relief Act of 1940 in Middlesex Superior Court seeking authority to foreclose on McLarnon's mortgage. McLarnon alleges that he was not served with a notice of sale and that Deutsche Bank forged his signature on a U.S. Postal Service return receipt. However, according to Deutsche Bank, service was accomplished by publication, and McLarnon has admitted that he is not entitled to the protections of the Act. Representing Deutsche Bank in that action were Brian Kiser and Christine Benway of the Marinosci Law Group (collectively, the "Marinosci defendants") and Amanda Califano of Ablitt/Scofield PC ("Ablitt Law Group"). On December 21, 2009, Justice Garry Inge entered an order of default against McLarnon for failure to appear. McLarnon moved on January 22, 2010, to vacate that order, but Justice Thomas Billings held that service was proper and denied the motion. On July 9, 2013, he moved again to vacate the judgment, and simultaneously filed motions to compel and for special relief. Justice Kathe Tuttman held a hearing, during which, according the complaint, she refused to allow one of McLarnon's experts to testify. Justice Tuttman then denied the motions. McLarnon's appeal of those orders to the Massachusetts Appeals Court remains pending.

Meanwhile, on January 25, 2011, Deutsche Bank exercised its right to a statutory power

of sale and foreclosed on the property. On October 19, 2012, Deutsche Bank recorded a foreclosure deed with an attached affidavit of sale, which granted it title to the property.

Deutsche Bank contends that on February 19, 2013, it served McLarnon with a notice to quit the property. On March 4, 2013, after McLarnon did not leave, Deutsche Bank initiated an eviction proceeding by summary process in the Malden District Court. The bank again was represented by the Marinosci defendants. The court granted McLarnon a ninety-day stay on the ground that he was undergoing several surgeries in early 2013. The complaint alleges that McLarnon attempted to file a motion in the eviction proceeding, but that Justice Paul Yee and court clerk "Paul Burke" refused to docket the motion because it was not properly captioned.[2] According to the complaint, Justice Yee told McLarnon that *pro se* litigants, such as himself, are held to the same standard as attorneys.

Justice Antoinette Leoney held a bench trial on August 22, 2013, during which, according to the complaint, she did not allow McLarnon to submit evidence of his disability. She then entered a judgment of possession in favor of Deutsche Bank and awarded damages. According to the complaint, the clerk and court officer at the trial refused to identify themselves, the clerk shut off the recorder so that McLarnon could not make a statement on the record, and an unknown person (John Doe #3) shouted at McLarnon. McLarnon has sought reconsideration of that ruling, but his requests have been denied.

The complaint also alleges that Justice Lee Johnson, when he was Register of the Middlesex Probate and Family Court, terminated McLarnon's parental custody rights over his son. It further alleges that all the defendants conspired to foreclose on McLarnon's property and evict him.

---

[2] Plaintiff names as a defendant Paul Burke; according to the state defendants, his name is actually Paul Burns. (Gov. Mot. to Dismiss at 1 n.1).

On November 7, 2013, McLarnon filed the present action *pro se* in this Court. The Marinosci defendants, Deutsche Bank, the Commonwealth defendants (the Malden District Court; the Middlesex Superior Court; Justices Inge, Tuttman, Johnson, and Yee; court clerks Burns, Jane Doe, and John Does 1 through 3; and the Commonwealth of Massachusetts), and Ablitt Law Group filed motions to dismiss the complaint. On January 17, 2014, McLarnon moved for default judgment as to Ablitt Law Group.

## II.   Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III.   Analysis

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). *See also* Fed. R. Civ. P. 8(e)

("Pleadings must be construed so as to do justice."). The complaint does not make entirely clear the causes of action and against which defendants they are alleged. The Court has endeavored to make sense of the allegations, reading broadly the *pro se* complaint and other submissions. Global issues will be addressed first, followed by particular issues.

### A.     Judicial Immunity

Justices Inge, Tuttman, Johnson, and Yee and court staff Burns, Jane Doe, and John Does 1 through 3 assert that the complaint must be dismissed as to them because they are entitled to absolute immunity.[3]

A judicial officer is entitled to immunity from civil suit when exercising his or her judicial authority. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Bradley v. Fisher*, 13 U.S. (13 Wall.) 335 (1872). Unless there was a clear absence of jurisdiction over the subject matter before him at the time he took the challenged action, immunity attaches to the officer. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Absolute immunity extends not just to judges but also to "certain others who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). That group includes court clerks. *See Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980).

Here, the complaint describes only actions of the judges and staff that relate to their judicial duties, such as scheduling and holding hearings, ruling on evidence, docketing motions, and managing the courtroom. Moreover, they appear to have been operating within their jurisdiction at that time. Accordingly, Justices Inge, Tuttman, Johnson, and Yee and court staff Burns, Jane Doe, and John Does 1 through 3 are entitled to absolute immunity and the complaint will be dismissed as to them.

---

[3] In the text, but not the caption, of the document, the complaint names Justice Leoney as a defendant in this action. According to the Commonwealth defendants, plaintiff did not serve Justice Leoney and she has not entered an appearance. Therefore, Justice Leoney is not a defendant in this action.

**B.     Claim Preclusion**

The complaint challenges the proceedings and judgments of the Massachusetts courts, seeking to vacate the foreclosure and eviction, because the assignment of the mortgage to Deutsche Bank allegedly was void and service was improper and therefore Deutsche Bank could not exercise the statutory power of sale or file an eviction action.  Deutsche Bank contends that the rulings of the courts prevent plaintiff from relitigating those matters here, under the doctrine of *res judicata*, also known as claim preclusion.

State law controls the *res judicata* effect of state court judgments in federal court.  *See Cohen v. Shea*, 788 F. Supp. 66 (D. Mass.1992).  "Under Massachusetts principles of claim preclusion, a final judgment in one action generally precludes the plaintiff from bringing another action against the same defendant if the second action arises out of the same transaction or occurrence as the prior action." *Hermes Automation Technology, Inc. v. Hyundai Electronics Industr.*, 915 F.2d 739, 750 (1st Cir. 1990).  The bar applies not only to issues that were, in fact, raised in the prior proceedings, but also issues that "could have been raised in the original action."   For a prior decision to be granted preclusive effect, three conditions must be met:  (1) there must be an identity of the parties in the present and prior actions; (2) there must be an identity of the issues; and (3) the decision must be a final judgment on the merits.  *Kobrin v. Bd. of Registration in Med.*, 444 Mass. 837, 843 (2005).

Each of those requirements has been met here.  Both plaintiff and Deutsche Bank were parties to the foreclosure and eviction proceedings in which the same questions of validity of the mortgage assignment and sufficiency of service were at issue.  The proceedings resulted in final decisions on the merits.  Accordingly, those decisions will be given preclusive effect.

As he has already done, plaintiff may appeal those decisions or request reconsideration to the state courts.  However, this Court may neither vacate nor ignore them.

### C. Section 1983

The complaint appears to allege a claim under 28 U.S.C. § 1983 by all defendants. That section "creates a private right of action for redressing abridgements or deprivations of federal constitutional rights." *McIntosh v. Antonino*, 71 F.2d 29, 33 (1st Cir. 1995). "A claim under § 1983 has two 'essential elements': the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law." *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir. 2008).

First, as to the Commonwealth defendants, the complaint contends that they violated plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments of the federal constitution when they allegedly acted without jurisdiction and maliciously prosecuted him. As discussed, the judges and judicial staff have absolute immunity from suit, and therefore cannot be held liable under § 1983. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). Furthermore, the Eleventh Amendment bars § 1983 actions against states and state agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, counts 1 and 2 of the complaint will be dismissed as to the Commonwealth of Massachusetts, the Malden District Court, and the Middlesex Superior Court.

As to the remaining defendants, one of the two requirements of § 1983 is that the alleged violator acted under color of state law. Only in limited circumstances, where their actions are "fairly attributable to the State," are private entities found to be state actors liable under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Those circumstances include where the private actor "assumes a traditional public function," "the challenged conduct is coerced or significantly encouraged by the state," or the state and private party are in a "position of interdependence." *Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011).

The actions of the private defendants do not fit into any of those three categories. Plain

use of the state judicial process, including the prosecution of foreclosure and eviction actions, does not convert one into a state actor. Accordingly, the § 1983 claims against the private defendants will be dismissed.

### D. Federal Criminal Statutes

Count 3 alleges violations of RICO, 18 U.S.C. § 1961 *et seq.*, and count 5 alleges unspecified "judicial hate crimes" by the Commonwealth defendants.

RICO provides a civil cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962," where a "person" engaged in "a pattern of racketeering activity." 18 U.S.C. §§ 1962, 1964(c). A "pattern of racketeering" is composed of at least two predicate acts, defined as crimes specified in the RICO statute. *See Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 846 (1st Cir. 1990).

Here, the complaint does not identify two or more predicate acts that would substantiate a claim under RICO. Although it uses the word "mail fraud" at one point, the complaint fails to describe any alleged instances of mail fraud. Moreover, even reading the documents liberally and the light most favorable to plaintiff, the complaint does not plausibly state a claim for relief. Accordingly, count 3 will be dismissed.[4]

There is no cause of action for "judicial hate crimes." Accordingly, count 5 will be dismissed.

---

[4] The complaint mentions various other criminal statutes as well, namely 18 U.S.C. §§ 3, 4, 241, 242, 371, 1341, 1503, 1623, 2381, and 2382. Those provisions, however, impose criminal sanctions and do not provide rights of action to private citizens. *See, e.g.*, *Cok v. Cossentino*, 876 F.2d 1, 2 (1st Cir. 1989) (no private right of action under 18 U.S.C. § 241); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009) *aff'd*, 350 F. App'x. 605 (3d Cir. 2009) (same, § 242); *Burke v. APT Found.*, 509 F. Supp. 2d 169, 173 (D. Conn. 2007) (same, §§ 241, 242, 371); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) (same, § 1341); *Moldowan v. City of Warren*, 578 F.3d 351, 391 (6th Cir.2009) (same, § 1503); *Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) (unpublished) (same, § 1623); *Chen ex rel. V.D. v. Lester*, 364 F. App'x 531, 536 (11th Cir.2010) (same, § 2382).

### E.   Declaratory Judgment

Count 4 apparently asks this Court to hold the Supreme Judicial Court's decision in *Commonwealth v. Jackson*, 419 Mass. 716 (1995), unconstitutional.  Plaintiff objects to Justice Yee's alleged citation of the case for the proposition that a judge is not required to be lenient toward a *pro se* defendant.  *Comm. v. Jackson*, 419 Mass. at 719-21 ("Despite their lack of legal training, pro se litigants are held to the same standards as practicing members of the bar.").

A federal district court does not have appellate jurisdiction over a state's highest court, and its jurisdiction to review the decisions of state courts is highly limited.  *See generally* 18 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (discussing the *Rooker-Feldman* doctrine).  Moreover, while courts may grant some leeway to *pro se* litigants, the requirement that they abide by the same rules as attorneys is not unconstitutional.  *See United States v. Heller*, 957 F.2d 26, 31 (1st Cir. 1992).  Accordingly, count 4 will be dismissed.

### F.   Other Federal Statutes

The complaint, in passing, states that the Commonwealth defendants violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*, by accepting salaries and federal money; that the private defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and that unspecified defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*  The facts underlying those claims are unclear, but it does not appear that there is a plausible claim under those statutes.  Accordingly, to the extent that the complaint alleges violations of those acts, those claims will be dismissed.

### G.   State Common-Law Claims

Count 6 alleges fraud, forgery, and slander.  The complaint also may be attempting to raise other state-law claims, such as intentional infliction of emotional distress.  However, the

complaint fails to provide sufficient information to substantiate any of those claims. Accordingly, those claims, including count 6, will be dismissed.

### H.     Motion for Default

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  However, sufficient service of process is a prerequisite to entry of default.

On December 3, 2013, Plaintiff filed a return of summons as proof of service on Ablitt Law Group, which was *prima facie* evidence of proper service.  On January 17, 2014, after Ablitt Law Group failed to enter an appearance, plaintiff filed a motion for default.  Ablitt Law Group then filed a motion to dismiss, arguing in part that service was improper.

Fed. R. Civ. P. 4(h) requires that service on a corporation, partnership, or association in the United States, such as Ablitt Law Group, be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by other means provided by state law. Mass R. Civ. P. 4(d)(2) similarly requires that service on a corporation or unincorporated association be made on an officer or agent of the entity.

Instead, plaintiff served Ablitt Law Group by sending the summons by certified mail to its offices.  That does not comport with Fed. R. Civ. P. 4.  Accordingly, the motion for default will be denied.

## IV.    Conclusion

Because the Court will dismiss all claims under the complaint pursuant to Fed. R. Civ. P. 12(b), there is no need to rule on defendants' alternative motions for a more definite statement and for a stay under Fed. R. Civ. P. 12(e).

For the foregoing reasons,

1. Defendant Deutsche Bank's motion to dismiss is GRANTED;

2. The Commonwealth defendants' motion to dismiss is GRANTED;

3. The Marinosci defendants' motion to dismiss is GRANTED;

4. Defendant Ablitt Law Group's motion to dismiss is GRANTED;

5. Plaintiff's motion for default is DENIED;

6. All other motions are DENIED as moot; and

7. This matter is hereby DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Date:  February 25, 2014                     United States District Judge