## UNITED STATES OF AMERICA

**IN THE US DISTRICT COURT**

**BOSTON, MA**

| | |
|---|---|
| **Edward S. McLarnon** | ) |
|     **Plaintiff** | ) |
| **v.** | ) |
| **Deutsche Bank National Trust Company** | ) |
| **as Trustee for HarborView Mortgage Loan** | )   **Civil Action**   **#1:13-CV-12815-FDS** |
| **Trust Mortgage Loan Pass-Through** | ) |
| **Certificates, Series 2007-5, et al** | ) |
|     **Defendants** | ) |

### PLAINTIFF'S MOTION FOR RECONSIDERATION

1.      Plaintiff respectfully submits this Motion for Reconsideration to reinstate his 1983 Complaint pursuant to Fed.R.Civ.P. Rule 54(b), which allows district courts to revisit non-final orders in their discretion at any time before the entry of a final judgment.

2.      Plaintiff submitted a 1983 Complaint ("1983") in which the claims are clear and verified with twenty-four (24) Exhibits that provide overwhelming evidence that the Bank <u>counterfeited a mortgage assignment</u> (Exhibit 2) with which they poisoned the records in state courts and colluded with state actors to deprive Plaintiff of protected rights and foreclose on Plaintiff's property under color of law (Simple, factual statement- but also verified byExhibits).

3.      The Complaint may seem "long" to J. Saylor, but the 1983 is a "verified" Complaint to detail and verify <u>each felony by Defendants</u> that have been ignored and allowed by state actor defendants and to support each claim with irrefutable evidence, such as;

CORROBORATING EVIDENCE SUPPORTS ALL CLAIMS OF FELONIES BY BANK:

**Exhibit 2**, five certified affidavits by Register of Deeds John O'Brien on Commonwealth letterhead expose the <u>Bank's mortgage assignment as a fraudulent, robo-signed "corrupted" document with no less than five forged signatures from a list of known robo-signers</u> (Also in Exhibit 2). Register O'Brien's affidavits, alone, defeat the legal standard for a Rule 12(b) dismissal of "proof that Plaintiff's claims cannot possibly prevail at trial," which is an absurd and fraudulent claim. The "assignment" renders all judicial orders that emanate from it null and void. Plaintiff refers Judge Saylor and the Defendants to **"*Cosajay v. MERS*" *1-10CV0442M*** in which the Honorable USDC Judge John J. McConnell ruled on a case identical to Plaintiff's in which the same mortgage company, ABC, went bankrupt and **MERS unlawfully assigned a defunct**

1

**mortgage to Deutsche Bank** - the same racketeering scheme and the same players as in the underlying case. But, Judge McConnell did not claim he couldn't understand or couldn't follow, but he used FACTS and the LAW, and ruled that **MERS had no authority to assign a defunct ABC mortgage that had been frozen in a Bankruptcy years earlier.** Judge McConnell supported his ruling with "*Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 289-90 (1st Cir. 2013) and *Woods v. Wells Fargo Bank, NA.*, No. 12-942, 2013 WL 5543637, at* 3 (1st Cir. Oct. 9, 2013). USDC Judge John J. McConnell correctly held that the mortgage assignment was "invalid" and MERS did not have the authority to make an assignment.

**4.      The Order for Dismissal ("Order")** is comprised of fabrication, willful omission of Plaintiff's Exhibits and relevant case law, including *Cosajay v. MERS* 1-10-442-M, a case identical to Plaintiff's. The Complaint must be reinstated as a matter of fact (Exhibit 2) and a matter of law in *"Cosajay"* as the facts of this case have been adjudicated before by the Honorable Judge McConnell, US Bankruptcy Court and a Florida Circuit Court judge, all of whomh ruled "any mortgage assignment made after ABC's bankruptcy in 2007 is invalid" The Bank's was forged in 2009 (Complaint Ex. 11, a forensic report by the Kingston Research Group details these two cases, the "gaps" in the assignment chain and the assignment is to the wrong party. There is no assignment from ABC to Deutsch Bank. And, none from Harborview to Deutsche Bank. The facts and case law defeat Defendant's Rule 12(b) claim Plaintiff can't prevail at trial, and are MORE than sufficient to meet the legal standard of Sect. 1983.

5.      **Register O'Brien's certified affidavits expose the Bank's assignment is fraudulent (Ex. 2), along with the "*Cosajay*" ruling provide sufficient facts and case law to mandate Plaintiff's case be reinstated - as they prove Plaintiff will prevail at trial. Plaintiff must address all fraud by Defendants in the Order lest it continues to poison this bona fide 1983.**

6.      The Order was not written to administer justice or protect the constitutional rights of Plaintiff, a senior with SSI disabilities, or other victims of land-grabbing Defendant Deutsche Bank, but was clearly written to protect the financial interests of Bank Defendants' fraudulent foreclosure scheme as the Order repeats their fraud as fact and omits any reference to the counterfeit, robo-signed mortgage assignment (Ex 2 & Complaint Ex. 10) forged by Bank Defendants and convicted robo-signers, Linda Green, DocX and Lorraine Brown (Complaint Ex. 23 & 24) used to unlawfully foreclose on Plaintiff's home under color of law. All actions

2

emanating from the fraudulent foreclosure assignment (Ex. 2) are null and void as a matter of fact and a matter of law. Common Law and Justice demand Plaintiff's case be re-instated and his uncontested Exhibits, willfully omitted from the Order, presented to a jury to allow the Exhibits' material evidence to decide the case – and not the fraud and false procedural claims in the Order. Let the evidence and the law prevail "though the heaven's may fall," John Adams, 1777.

7.     **The Order** violates the **contract** between Plaintiff and the US Government. Plaintiff paid court fees for services including, a fair tribunal, due process, equal protection, civil redress, protections afforded to pro se litigants, protections afforded to plaintiffs and protections afforded to Americans with Disabilities, etc. The Order deprives Plaintiff his First Amendment right to petition government, and is null and void as it was issued without jurisdiction in violation of the contract, the US Constitution, the Judiciary Act of 1789, US Supreme Court rulings and Judicial Canons to aid and abet the Bank's conspiracy to steal Plaintiff's property under color of law.

### "Long and Difficult to Follow" Are False Complaints about Form

8.     The Order violates The Judiciary Act of Sept. 24, 1789, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789 states: "And be it further enacted That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts of the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever…"

9.     The Order violates *Thompson v. Davis,* 295 F.3d 890, *895* (9th Cir. 2002), "Plaintiff's allegations of material fact (verified by Exhibits) are taken as true and construed in the light most favorable to the nonmoving party.  In addition, the Court is required to read the complaint charitably and must assume that all general allegations "embrace whatever specific facts might be *necessary to support them." Peloza v. Capistrano Unified Sch. Dist.,* 37 F.3d *517,* 521 (9th Cir. 1994). This rule of liberal construction is "particularly important in civil rights cases." *Johnson v. California,* 207 F.3d *650,* 653 (9th Cir. 2000).  The Court did not "embrace specific facts" verified by Plaintiff's "Exhibits, but makes unconscionable false claims to dismiss.

10.    Under federal rules, Plaintiff "is not required to plead facts in the same detailed and

3

meticulous manner while presenting this case to a jury." Plaintiff "is not required to lay the evidentiary and foundational building blocks necessary to support each material allegation of their claim. Rather, the rules only require a short, plain statement of the material facts, not the foundational evidence to support them." Plaintiff met this standard and more by supplying a simple claim supported by the certified affidavits and reports by experts in foreclosure procedure exposing the Bank's mortgage assignment as a fraudulent, robo-signed document (Ex. 2) and all action emanating from it were issued without jurisdiction and are null and void.

11.     Plaintiff's 1983 claims Defendants deceived authorities with a fraudulent mortgage assignment (Ex. 2), and Defendants willfully participated in joint action to violate Plaintiff's constitutional rights through said artifice of deception they unlawfully submitted to Middlesex Registry of Deeds ("Registry"), Middlesex Superior Court ("MSC") and Malden District Court ("MDC") to fraudulently gain foreclosure orders against Plaintiff.  By the plain terms of section 1983, "two - and only two - allegations are required in order to state a cause of action." First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 U.S. *635,* 640 (1980).  Section 1983 contains no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right. *Parratt v. Taylor,* 451U.S. 527, 534 (U.S. 1981); overruled, in part, on other grounds in *Daniels v. Williams,* 474 U.S. 327, 330-331 (U.S. 1986); see also *Board of the County Comms. v. Brown,* 520 U.S.397,405 (U.S. 1997).

**I -     Extreme Bias Against Plaintiff – "Bank is the expert in foreclosure"**

12.     The Order falsely states Deutsche Bank "is the expert in foreclosure" demonstrating an extreme bias against Plaintiff and the Law. J. Saylor clearly abandoned the law and facts and anointed Deutsche Bank as the legal reference for his rulings. Such is J. Saylor's relationship with Deutsche Bank and the other Defendants. The facts are stated in Plaintiff's claims and corroborated by Exhibits - and the law is detailed in **"Cosajay"** and in Complaint Exhibits 19-22. Complaint Exhibits 1-3 reveal Plaintiff's evidence is easily understood by the medical community and the Social Security Administration. The Order claims Plaintiff's facts of the case "difficult to follow," but, professionals trained in the scientific method, such as Dr. Vincent Vindice, Director of Mental Health Unit of Massachusetts General Hospital ("MGH") had no

4

trouble determining that <u>Plaintiff has been victimized by "judges that don't base their rulings in fact"</u> (Complaint Exhibit 3 and Ex. 2 & 3 of Plaintiff's Response to State Actors). The Order makes the absurd claim the Bank didn't do anything wrong but offers NO, NO, NO evidence to support that claim – but, Complaint Exhibits 4-24 prove the Order's claim is false.

13.     The Order is void as it colludes with serial felonies by Defendants whose fraudulent mortgage assignment (Ex. 2) poisoned public records in the Registry, MSC and MDC. The Order demonstrates a criminal bias in favor of Defendants, as it repeats their false claims that are unsupported by fact or law, and willfully <u>omits any reference to the thirty (30) Exhibits attached to Plaintiff's Complaint</u> and <u>Responses</u>, which document a pattern and practice of <u>felonies by Defendants starting with the robo-signing of the counterfeit mortgage assignment (</u>Ex. 2 & Complaint Ex. 10) and continuing in this court with the fraud used to unlawfully dismiss Plaintiff's 1983. <u>Defendants submitted no relevant evidence – none - to counter the Complaint's Exhibits, but based their Motions to Dismiss on fraud and false procedural claims.</u>

**II      This Case Adjudicated Before!**

14.     The Order demonstrates extreme bias against Plaintiff as it <u>willfully omits relevant case law</u> submitted by Plaintiff by the USDC/R.I. and MA Supreme Judicial Court, such as ***Cosajay v. MERS,*** 1-10-442-M (Id Item #4), a case exactly like Plaintiff's, involving <u>Plaintiff's mortgage company, ABC, and an invalid assignment from MERS to Deutsche Bank</u> as in Plaintiff's case, and ***Culhane v. Aurora Loan Services of Nebraska***, 708 F.3d 282, 289-90 (1st Cir. 2013) and ***Woods v. Wells Fargo Bank, NA.***, No. 12-942, 2013 WL 5543637, at* 3 (1st Cir. Oct. 9, 2013). The Order also omits <u>four relevant case law</u> that determined a bank must have "a mortgage and a promissory note" to claim ownership, submitted as <u>Complaint Exs. 19-22,</u> and two other judicial rulings (detailed in Complaint Ex. 11) by US Bankruptcy Court/Delaware and a Florida Circuit Court again regarding ABC, Plaintiff's mortgage company, Deutsche Bank and MERS as detailed in The Kingston Report (Complaint Ex. 11 & Ex. 2 of Plaintiff's Response to Ablitt). The Order omits all relevant case law that overwhelmingly support Plaintiff's 1983 claims. The Oder used fraud to dismiss Plaintiff's case in defiance of the fact that Defendants submitted NO EVIDENCE to prove that Plaintiff's Exhibits "cannot possible prevail at trial" and therefore did not meet the Rule 12(b) standard for dismissal - as Plaintiff's Exhibits will prevail at trial.

**15.     Order Willfully Omits the Bankruptcy of Plaintiff's Mortgage Company**

The Order is void as it willfully omits any reference to the bankruptcy of Plaintiff's mortgage company, ABC. Plaintiff's mortgage was frozen in the Trust by US Bankruptcy Court in 2007 as detailed in Complaint Ex. 11 & 9, and makes no reference to two judicial rulings that determined "any assignments by ABC after 2007 are invalid." The date of Deutsche Bank's mortgage assignment is 2009, two years after the mortgage was frozen in bankruptcy. The date alone determines the assignment is invalid (Ex. 2) and judicial orders emanating from it are void.

16.    The Order was written to protect the financial interests of the Bank Defendants, and unlawfully places Plaintiff, who does not owe one-cent to the Bank Defendants, in jeopardy of an unlawful execution of eviction order that was issued without jurisdiction based upon the Bank's fraudulent, robo-signed mortgage assignment (Ex. 2).

## III -    The Order falsely claims judges have "Absolute Immunity" & State Actors immune under the Eleventh Amendment

17.    The Supreme Court ruled unanimously in "*Hafer v. Melo*" 502 U.S. 21 (1991) judges and state actors only have immunity *"for acts within their authority and necessary to fulfilling governmental responsibilities... officials seeking absolute immunity must show that such immunity is justified for the governmental function at issue," Burns v. Reed*, 500 U.S. 478, 486 - 487 (1991). Plaintiff included the Exhibits to verify his claims the state actors acted outside their official capacity as he knew there would be arguments that judges and state actors are immune – in in *"Hafer v. Melo"* the Court acted unanimously to deny Eleventh Amendment immunity and absolute immunity to any judge or state actor that acts outside of their official capacity.

18.    The Supreme Court has repeatedly held previously and unanimously in 1991 in "*Hafer v. Melo*" 502 U.S. 21 (1991) [S]ince Ex parte Young, 209 U.S. 123 (1908)," we said, "it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law." *Scheuer, supra, 237. "We hold that state officials, sued in their individual capacities, are "persons" within the meaning of 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under 1983 solely by virtue of the "official" nature of their acts." Hafer v. Melo* 502 U.S. 21 (1991) is the latest, unanimous SCOTUS decision on immunity.

19.    The eviction orders were issued by State Actors to aid Deutsche Bank's conspiracy to violate Plaintiff's due process and equal protection rights as the record below reveals Plaintiff

had no discovery, no trial and no appeal, which is offensive to the Constitution and poses a destructive threat to the community and undermines any claim of judicial integrity or immunity.

20.     The Order was issued with NO reference to Exhibits from experts that determined the Bank's documents are forged by **Linda Green,** featured on CBS TV **60** minutes and convicted by Missouri AG Chris Koster (Complaint Exhibits 23 & 24). These robo-signed documents include the **Mortgage Release of 2004** and the **Mortgage Assignment** (Complaint Ex. 10 & Response to Deutsche Bank Motion to Dismiss, Exhibit B). Both contain the robo-signed forgery of Linda Green and both signatures are radically different, and not signed by the same person. All activity stemming from these "breeder" documents are null and void, including the Order. Defendants' fraudulent documents fail to meet the legal standard to claim ownership. Therefore, common law, case law and Fed.R.Civ.P. Rule 12(b) demands that Plaintiff's case be re-instated.

**21.     The Order's bias is not subtle, but openly defiant of the facts of the case and the law.**
The Constitution requires that a "neutral and detached judge" preside over judicial proceedings. The Order must be reversed as it "parrots" Defendants' fraud and false claims revealing an abandonment of judicial duties, abandonment of due process, the Constitution and the Judiciary Act of 1789 to benefit the Banks' foreclosure scheme - as exposed by Register O'Brien's certified affidavits determining the Bank's mortgage assignment as fraudulent (Ex. 2).

**IV -     Commonwealth of Massachusetts does not have Sovereign Immunity**

22.     Defendant, Massachusetts by virtue of the *Massachusetts Declaration of Rights* has made itself accountable for suit in Federal Court, precluding immunity under the Eleventh Amendment for allowing civil rights violations, obstruction of justice, hate crimes, human rights violations in federally funded courts and agencies under color of law, as stated in;

Art. I.--*All men are born free and equal, and have certain natural, essential, and unalienable rights; among which may be reckoned the right of enjoying and defending their lives and liberties; that of acquiring, possessing, and protecting property;*

VI.--*No man, nor corporation, or association of men, have any other title to obtain advantages, or particular and exclusive privileges, distinct from those of the community, than what arises from the consideration of services rendered to the public*

VII.--*Government is instituted for the common good; for the protection, safety, prosperity and happiness of the people; and not for the profit, honor, or private interest of any one man, family, or class of men*

X.--*Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty and property, according to standing laws. But no part of the property of any individual, can, with justice, be taken from him*

7

XI.--*Every subject of the Commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character.*
XII - *And no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate; but by the judgment of his peers, or the law of the land.*
XIV.--*Every subject has a right to be secure from all unreasonable searches, and seizures of his person, his houses, his papers, and all his possessions.*
XV.--*In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised, the parties have a right to a trial by jury; and this method of procedure shall be held sacred,*
XVIII - *And they have a right to require of their law-givers and magistrates, an exact and constant observance of them, in the formation and execution of the laws necessary for the good administration of the Commonwealth.*
XXIX.- *It is essential to the preservation of the rights of every individual, his life, liberty, property and character, that there be an impartial interpretation of the laws, and administration of justice. It is the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit.*

## IV - Rooker-Fedlman Doctrine Does Not Bar This Action

### A. This Court Has Concurrent Federal Subject Matter Jurisdiction Over This Action

23. Plaintiff has exhausted all efforts for relief in the state courts. Plaintiff's cases were sabotaged by the misconduct and malpractice of State Actors who unprofessionally disregarded the violations of Bank Defendants fraud and perjury, violation of due process, suppression of exculpatory evidence, obstruction of justice and malicious prosecution.

24. A *de facto* appeal exists when a plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, *and* seeks relief from that state court judgment based on that decision. *Bell v. City of Boise,* 709 F.3d 890, 897 (9th Cir. 2013). In contrast, Plaintiff's lawsuit targets an illegal act or omission by an adverse party, *Rooker Feldman* does not bar the action. See, *Ibid.* Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is not a forbidden *de facto* appeal unless the Plaintiff also alleges a "legal error" by the state court. *Ibid.'* In short, for the doctrine to apply the "[P]laintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief." *Ibid.*

25. Plaintiff's allegations of extrinsic fraud on Registry, MSC and MDC do not assert a "legal error" by the state court. Rather, Plaintiff is alleging a wrongful act by an adverse party, i.e. Bank Defendants' deception in the presentation of evidence to state courts. *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140-1141(9th Cir. 2004). Extrinsic fraud on a court is, by definition, not an error by that court. *Id.* At 1141. It is, rather, a wrongful act committed by the parties who

8

engaged in the fraud. *Ibid.* Thus, *Rooker-Feldman* does not raise a jurisdictional bar to the action. *See, Ibid.*

26. When a claim is not a *defacto* appeal the *Rooker-Feldman* inquiry ends, and the Court does not undertake the - second and distinct - "inextricably intertwined" analysis. *Bell, supra,*709 F. 3d at 897. Because the instant action is not a de facto appeal, *Rooker-Feldman* does not apply.

## V.   Federal Rules of Civil Procedure, Rule 8

### A. Plaintiff met the requirement of Jurisdiction, Claim and Demand for Judgment

27.   Plaintiff's litigation in state courts were unlawfully dismissed not on the merits of the case, but based on fraud, perjury and fraudulent mortgage assignment in violation of The Judiciary Act of September 24, 1789, Section 342, FIRST CONGRESS, Sess. 1, ch.20, 1789; in violation of Plaintiffs' First Amendment right pursuant to The *Accountability Clause*, of the Magna Carta 1215 AD [section 21], which guarantees Petitioners' "unalienable right to petition for redress of grievances," protected by the US Constitution and laws of the United States and in violation of "Parties may appear and be heard on all matters properly before this court prior to the entry of an order, including the jurisdiction of the court, the sufficiency of pleadings" pursuant to *City of Lakeland v. William O. Bunch et al". (04/03/74) 293 So. 2d 66.* **Fed.R.Civ.P.15(a)**, requires "the court must remain guided by "the underlying purpose of Rule 15...to facilitate decision on the merits, rather than on the pleadings or technicalities." *Noll, 809 F.2d at 1448 (9th Cir. 1987)* First Circuit rulings state that courts have a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim..." To state a claim under Section 1983, a plaintiff must show (1) the deprivation of "a right secured by the Constitution or laws of the United States," and (2) "that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40,*49-50* (1999). 42 USC §1983 provides a cause of action against any person "acting under color of state law" who "subjects, or causes to be subjected," another person to deprivation of any federal rights, Plaintiff asserts claims against numerous individuals for violation of his rights under the First, Fourth and Fifth Amendments. These violations resulted from two counts: (1) Bank Defendants used forged mortgage documents (Ex. 2) to deceive the Court; (2) Defendants' fraud upon the Court, perjury, fabrication of evidence, and suppression of exculpatory evidence.

The due process rights violated by Defendants' actions is the right "not to be subjected to false

9

accusations on the basis of false evidence that was deliberately fabricated by Defendants." This is sufficient basis for Plaintiff's claims; no Defendant could fail to realize that perjury, misrepresentation, and suppression of exculpatory evidence violates substantive due process protections. **This is the short and plain statement of the case. Not much more should be needed**. "The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Ad. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." jç (citing *Twombly, 550* U.S. at *556).* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. jç.L. at 679.

28. Pro se rights "litigants are held to less stringent pleading standards than bar licensed attorneys regardless of the deficiencies in their pleadings…. The court errs if the court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings" *Platsky v. C.I.A. 953 F2d. 25;* "show legal insufficiency of petition and separately state each omission or defect in petition…"*Indian Nat. Bank v. State Dept. of Human Services, Okla., 880 P2d 371 (1994)* Moreover, before dismissing pro se civil rights complaint for failure to state claim, district court must give plaintiff a statement of the complaint's deficiencies. *Fed. Rules Civ. Proc.Rule 12 (b)(6); 42 USC 1983,* and provide Plaintiff with a "pathway to relief."

29. Plaintiff's facts and Exhibits are consistent with the allegations in compliance with **12 O.S. 1991 §2012** subd B; *Miller v. Miller, OKla. 956 P.2d 346 (1998);* Plaintiff does not fail to state "ANY set of facts upon which Plaintiff could prevail, consistent with the allegations." *Byrd v. Faber (1991), 57 Ohio St. 3d 56,60 565 N.E.2d 58* "In ruling, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff"; "A court should read the allegations in the light most favourable to the plaintiff and determine whether a reasonable reading indicates that relief may be warranted;" *Umland v. PLANCO Fin. Servs., Inc., 542 F3d 59, 64(3dCir.2008) Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2007)* "federal rules impose no probability requirement at the pleading stage, a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of

10

the necessary element[s]" of a cause of action;" *Alston v. Parker, 363 F.3d, 229, 234 (3d Cir. 2001);* "construe Plaintiffs' Complaint liberally and apply the applicable law" *Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003)*

30.    Plaintiff's complaint complies and exceeds the threshold of *Bell Atl. Corp v. Twombly, 550 U.S 544, 127 S. Ct. 1955, 1965 (2007)* "a complaint must include enough facts to state a claim to relief" *Id. At 1974.* Supreme Court rulings as noted in Twombly's plausibility requirement applied to any complaint subject to **Fed.R.Civ.P. 8 (a)(2)** First, a court must disregard conclusory legal allegations in the complaint. Second, after disregarding allegations stated as legal conclusions a court should evaluate the remaining factual allegations to determine if they state a plausible claim for relief. *Conley v. Gibson, 355 U.S. 41 (1957), abrogated* by *Bell Atl. Corp v. Twombly U.S. 544 (2007)* "a complaint should not be dismissed for failure to state a claim.." *Id. at 45-46.* Cases should be decided on the merits, not on technical errors in the pleadings. *Id. at 48* ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.") *United States v. City of Redwood City, 640 F2d 963, 966 (9th Cir. 1981)*

31.    "The federal rules strongly favor allowing Plaintiffs an opportunity to fully present their case, including factual and expert testimony, and not have the lawsuit short circuited at the first stage of the proceedings. Because Plaintiffs' complaint contains cognizable legal claims, this Court should permit this case to go forward;" *Robertson v. Dean Witter Reynolds Inc., 749 F. 2d 530,534 (9th Cir.1984)* "A court may dismiss a complaint as a matter of law only if the Complaint (l) lacks a cognizable legal theory; or (2) fails to contain sufficient facts to support a cognizable legal claim;" *Thompson v. Davis, 295 F3d 890, 895 (9th Cir 2002); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990);* "The Court must assume that the complaint's factual allegations are true and should construe all inferences;" *Siracusano v. Matrixx Initiatives, Inc., 585 F.3d 1167, 1177 (9th Cir. 2009)* "We review de novo the district court's dismissal for failure to state a claim. We accept the Plaintiff's allegations as true and construe them in the light most favorable to Plaintiffs." *Id.*

## VI -    Beyond a Doubt? Failure to State a Claim?

32.    Plaintiff has shown legal sufficiency that he is entitled to relief. "A complaint should not

11

be dismissed for failure to state a claim unless it appears <u>beyond</u> a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) also *Neitzke v. Williams*, 109 S. Ct.1827 1832 (1989). Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint." A court must accept as true all factual allegations pleaded in the complaint and construe them "in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); see also *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. Cal. 2001), amended on other grounds, 275 F.3d 1187 (9th Cir.2001), *Stoner v. Santa Clara County Office of Edu*c., 502 F.3d 1116, 1120-21 (9th Cir. 2007).

## VII - Federal Rules of Civil Procedure, Rule 12

A. Plaintiff's Exhibits Established Grounds For Relief and defeats Rule 12(b) standard of dismissal:

33.     When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the complaint. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664; A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant are liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). "Probability is not the standard; Plaintiff need only plead enough facts "to raise a reasonable expectation that discovery will reveal evidence." *Bell, Atl. Corp. v. Twombly, supra*, 550 U.S. 544, 570 (2007); In evaluating whether the standard has been met, courts take a two-step approach. First, only improper conclusory allegations are disregarded. *Ashcroft v. Iqbal, supra*, 129 S. Ct. 1937, 1949-1951 (U.S. 2009). Second, the well-pleaded factual allegations are assumed true and

12

evaluated "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951; "A court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). "This Court does not inquire whether the Plaintiff will ultimately prevail, only whether he is entitled to offer evidence to support his claims." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996). "Therefore, a plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint strikes a savvy judge that actual proof of the facts alleged is improbable and recovery very remote and unlikely." *Hamilton v. Palm,* 621 F.3d 816, 819 (8th Cir.2010). The dominant characteristic of federal civil rights actions is that "they belong in court." *Felder v. Casey,* 487 U.S. 131, 148 (1988).

## VIII - Obstruction of Justice

34.    The Order was written in violation of the citations herein to obstruct justice and aid the Bank's felonies and financial interest and was issued in collusion with the Bank's counterfeit documents, fraud upon the Registry, MSC, MDC and this Honorable Court. The Order usurps the judicial process and violates due process, equal protection and civil rights as detailed in citations herein.

35.    As a result of the Order's complete lack of any reference to Plaintiff's Complaint Exhibits and Responses to Defendants' Motions to Dismiss, Plaintiff submits with this Motion a Motion for Findings and Rulings for substantiation regarding each of Plaintiff's Exhibits, including Register John O'Brien's five (5) certified affidavits (Ex. 2) identifying the Bank's mortgage assignment as a fraudulent, robo-signed document forged by no less than five known robo-signers, some of whom have been convicted.

36.    The Order claims the Defendants and J. Saylor cannot follow the "rambling" Complaint, but US District Judge John J. McConnell understood the exact same set of circumstances in "*Cosajay v. MERS*", 1-10-442-M, which also involved a bogus assignment between MERS and Deutsche Bank. The Honorable Judge McConnell issued his ruling as follows "executing the assignments were not employees, officers, or properly authorized agents of the entities for whom they purported to act and that the signatures on the assignments are fraudulent and/or not authentic. (!d.) Ms. Cosajay also alleges that MERS, as Lime's nominee, did not have the authority assign her mortgage on March 12, 2008, the date of the First Assignment. (See id.) As

13

support for this contention, Ms. Cosajay posits that: "If this loan was included in a loan pool ultimately transferred to a securitized trust, the mortgage had already been allegedly sold to a Sponsor/Seller and thus any assignment was invalid." (/d.) Ms. Cosajay asserts that "[a]ny assignment which would have been made on or [after] March 12, 2008[,] was outside the time specified by any securitized trust which Saxon refers to as Deutsche Bank Trust Company Americas." Judge McConnell explains Deutsche Banks' racketeering scheme used in "*Cosaja*y,"the underlying foreclosure case and reveals J. Saylor's collusion with Deutsche Bank.

37.     The Order defies the First Circuit recognition that "a mortgagor has a 'legally cognizable right' to ensure that a threatened foreclosure is legally conducted," *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 289-90 (1st Cir. 2013) and *Woods v. Wells Fargo Bank, NA.*, No. 12-942, 2013 WL 5543637, at\* 3 (1st Cir. Oct. 9, 2013), "that a homeowner's standing to sue is not foreclosed by virtue of their lack of privity to the assignment documents."

The *"Cosajay"* ruling is not time-barred and affects Plaintiff's case all the way back to 2007. Judge McConnell is being "Hailed as Savior to Downtrodden Homeowners" (Ex. 6), but the Order completely ignores these landmark advances in foreclosure law, the facts of the case in Plaintiff's Exhibits and these rulings reveal Plaintiff's case should never have been dismissed. How can the author of the Order claim to be and receive his salary as a "trier of facts," when the Order willfully omits the facts of the case, relevant case law, and willfully mischaracterizes the "background" of the case to hide Defendants felonies?  The Order aids the Bank Defendants foreclosure fraud, and as another personal attack (hate crime) targeting Plaintiff's disabilities, to help Bank Defendants steal Plaintiff's home and $11,400.00 under color of law.

## IX -   Felonies

38.     The Order condones and rewards felonies by Bank Defendants including **counterfeiting the Bank's fraudulent mortgage assignment** (Ex. 2) and poisoning the records at the Middlesex Registry of Deeds (Registry), Middlesex Superior Court ("MSC") and Malden District Court ("MDC") and with which they suborned State Actors to issue void foreclosure/ eviction orders. And, now, US District Court has willfully issued an Order based on the Bank's fraudulent mortgage assignment (Ex. 2) and fraudulent claims of Defendants that are defeated by the Plaintiff clear facts supported by certified affidavits and reports.

The Order obstructs justice by omitting any reference to the relevant case law in Complaint

Exhibits 19-22 determining that Banks need "a mortgage AND a promissory note to claim ownership." "Matt," "Ibanez," "Drouin" and "Logden" provide overwhelming legal sufficiency concerning the Bank's lack of ownership and standing, demonstrating Plaintiff is entitled to relief under law - and Defendants did not meet the legal standard for dismissal under Fed.R.Civ.P. 12(b) has masde a clear and simple claim and Plaintiff's twenty-four (24) Exhibits contain expert reports, affidavits and judicial orders that corroborate every claim in Plaintiff Complaint as fact,

## IX - Fraud: Order's "Background" Section Commits Fraud

39.     The Order is void and obstructs justice as its "Background" section willfully omits the bankruptcy of Plaintiff's mortgage company, ABC/AHM in 2007 in which **plaintiff's mortgage was frozen in a Securitized Bankruptcy Trust (Complaint Ex. 11)**, but the Order's fraudulent "Background" begins two years later with the fraudulent assignment MERS made to Harborview Trust using the fraudulent mortgage assignment (Ex. 2) in 2009. **On page 3, 1st para**, the Order states The "mortgage was held as of 2008 by MERS" This is a fabrication, a boldfaced lie, as the Kingston Report in Complaint Exhibit 11 clearly documents that "assignments after the 2006 bankruptcy were ruled unlawful by a US bankruptcy judge and a Florida Circuit Court Judge." The Order willfully omits the US Bankruptcy Court's ruling freezing Plaintiff's mortgage and all ABC's assets in 2007 and therefore two years later, MERS "were not employees, officers, or properly authorized agents of the entities for whom they purported to act and that the signatures on the assignments are fraudulent and/or not authentic" (Judge McConnell – *Cosajay v. MERS 1-10CV0442M*) - also documented by the Kingston Research Group's report (Complaint Ex. 11 & Plaintiff's Response to Ablitt Motion to Dismiss Ex. 2). The Order also willfully omits any mention that MERS had no authority to transfer any asset two years after the US Bankruptcy Court's ruling to freeze the Trust (Complaint Exhibit 11)! ABC, the real mortgage holder, chose to use Plaintiff's mortgage in their bankruptcy as leverage. By doing so, they forfeited all rights to Plaintiff's mortgage (Complaint Ex. 11). The Kingston Report also revealed that the Defendants are the wrong party, as there is no assignment to Deutsche Bank, and therefore Deutsche Bank never had standing to claim ownership or foreclose.

## X -    Beyond a Doubt? Failure to State a Claim?

40.     The Order unlawfully dismissed Plaintiff's Complaint without Defendants presenting any

15

set of facts to challenge the Complaint's Exhibits that remain uncontested and will certainly prevail at trial. Defendants did not meet the Rule 12(b) standard for dismissal pursuant to *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) "A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief" also *Neitzke v. Williams*, 109 S. Ct. 1827, 1832 (1989). Rule 12(b) "does not countenance dismissal based on a judge's disbelief of a complaint's factual allegations. In applying the '*Conley*' standard, the Court will 'accept the truth of the well-pleaded factual allegations of the Complaint."

## XI - "Rambling...Difficult to Follow?"

41.    Plaintiff has been a forensic investigator/expert witness since 1985 and his Complaint clearly focuses on the fraudulent mortgage assignment (Ex. 2) and the felonies Defendants committed using the assignment to poison government records in the Registry, MSC and MDC to unlawfully foreclose on Plaintiff's home. But, Defendants continue to conspire to deprive Plaintiff of rights by willfully omitting any reference to the fraudulent assignment (Ex. 2). Register John O'Brien (Ex. 2) and the Kingston Group certified their reports documenting the Bank's mortgage assignment as a forgery. But, Plaintiff is up against Defendants that use psychotic procedural fabrications that are all defeated by the fact that **the Bank's mortgage assignment is a forgery (Exhibit 2) and all orders emanating from it are void as an undisputed matter of fact. Complaint Exhibits corroborate all Plaintiff's claims**.

A.    The Order claims "In 2008, Mortgage was held by MERS a nominee for ABC" this claim is false as MERS "had no authority to assign after the ABC Bankruptcy in 2007."

42.    The Complaint on the other hand presents evidence. Plaintiff submits evidence to support his claims - Defendants submit no evidence.

The Order's claim that "the Bank did everything right," colludes with the counterfeiting of the Bank's fraudulent mortgage assignment (Ex. 2) with convicted counterfeiters Linda Green, DocX and Lorraine Brown (Complaint Ex. 23 & 24). The Order claims "the Bank is the expert," which allows and endorses the Bank's conspiracy to usurp the "exclusive, original jurisdiction of Land Court" as detailed on the Land Court web site (Ex. 3) and the Bank's failure to obtain a mortgage examination by the Land Court's Chief Title Examiner, Ed Williams as mandated by law (Ex. 3).

16

A. On Pg. 3, 2nd para, "McLarnon alleges he was not served a notice of sale...." "According to Deutsche Bank service was accomplished by publication..." In contrast to this false claim is the fact that the Law and the Mass. Rules of Foreclosure Procedure determine that "both are necessary." "According to Deutsche Bank?" How could the claim of "the Bank is the expert" be made, when the LAW determines foreclosure procedure (Complaint Exs. 19-22) and not the Deutsche Bank criminals that used a fraudulent mortgage assignment to foreclose! Register O'Briens certified affidavits attached as Ex. 2. ALONE determine Plaintiff will prevail at trial, the Kingston Report ALONE will prevail at trial, AG Martha Coakley's amicus brief ALONE will prevail at trial, yet the combined intelligence of the Bank, their law firms, the State Actors and J. Saylor is not sufficient to acknowledge the irrefutable fact the mortgage assignment is a fraud and all orders emanating from it are null and void.

B. Plaintiff submitted <u>a USPS Tracking Report that proved, proved, proved Ablitt's Return Receipt did not pass through the US Postal Service – and was forged</u>. Deutsche Bank's claims are in conflict with the US Postal Service and not, not, not Plaintiff's "claims."

J. Saylor willfully omitted any reference to Plaintiff's Exhibits, which if read negate all of the Order's false claims

## XII - "Background" Section of Order Willfully Omits Bank's Crimes

43.     The <u>Order willfully omits Defendants' felonies, from the counterfeiting of the mortgage assignment (Ex. 2) to their fraud upon state courts to the issuance of the Order, Defendants committed felonies to target and discriminate against Plaintiff's SSI Disabilities</u> and steal Plaintiff's home, Defendants **violated 18 US §3 "aid and abet" & §4 "misprision of felonies" and Judicial Canons** that mandate this Honorable Court to report these felonies "to the proper authorities" for prosecution. Instead of reporting the Defendants serial felonies as mandated by law, J. Saylor aided and abetted the Bank's criminal conspiracy by writing an Order comprised of fabrication, bias, mischaracterizations, false statements and willful omissions to justify the unlawful dismissal of Plaintiff's Complaint, which is <u>retaliation against Plaintiff for discovering how the Bank's fraudulent foreclosure scheme operates</u>, as corroborated by the Honorable USDC Judge John J. McConnell's ruling in ***Cosajay v. MERS*** 1-**10CV**0442M.

The facts are the facts, but in the Order, facts have <u>not</u> been acknowledged to grant relief or

17

```
```

resolve differences, but facts have been willfully omitted to help the Bank steal Plaintiff's home.

**XIII - Common Law and Justice demand Plaintiff's case must be reinstated as the uncontested facts expose a conspiracy by Deutsche Bank and their lawyers to steal Plaintiff's home using fraudulent mortgage documents under color of law. This is simple and substantive yet, the Order falsely claims Plaintiff "failed to state a claim."**

44.  The Order makes the false claim that "Plaintiff cannot possibly prevail at trial," but provides not one piece of evidence that would dispute even one of Plaintiff's claims to meet the legal standard of Fed.R.Civ. Rule 12(b). **Complaint Exhibits** 4-24 contain overwhelming documentary and testimonial evidence by eyewitnesses and nationally recognized experts in foreclosure fraud whose professional reports and affidavits "will prevail at trial," including; Southern Essex County Register of Deeds John O'Brien; McDonnell Property Analytics; MA Attorney General Martha Coakley; The Kingston Research Group; Bruce Boguslav/HSI Homesavers, Inc.; CBS News 60 Minutes and rulings by US Bankruptcy Court the Circuit Court of Palm Beach County, Florida; USDC Judge John McConnell, etc. The testimony and evidence of the experts were not contested by Defendants and, individually, defeat the dismissal requirement of Fed.R.Civ.P. Rule 12(b) as they offer NO PROOF that Plaintiff's case "cannot possibly prevail at trial." But, the combined evidence of all experts provides overwhelming evidence that Defendants' claim of ownership is a fraudulent, robo-signed mortgage assignment (Exhibit 2) and nothing else! The following facts will easily prevail at trial for the following reasons:

**XIV - Bank has No [Mandatory] Promissory Note, and No Standing as a Matter of Law**

45.  The Defendants [fraudulent] mortgage assignment (Exhibit 2) – even if were valid - does not meet the legal requirement to claim ownership - set down by SCOTUS in 1872 in ***Carpenter v. Longan*** 83 U.S. 16 Wall. 271 271 (1872) (Complaint Ex. 22) "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." Plaintiff submitted motions in MSC and MDC requested Defendants produce a promissory note and a Mortgagee Affidavit, but the motions were denied or were not docketed - to deprive Plaintiff of his due process right to Discovery and hide Bank Defendants' lack of ownership and lack of standing. The SCOTUS ruling was repeated by the "Matt"; "Drouin"; "Ibanez" rulings in 2012 and 2013

18

by the SJC, "no promissory note – no ownership and no standing" – as a matter of law, the Bank NEVER had standing - the orders are null and void and Plaintiff's case must be reinstated.

## XV – Defendants did not submit a Mortgagee's Affidavit with the Chief Title Examiner in Land Court and did not initiate foreclosure in Land Court as mandated by law –

43. Land Court's Web site (Exhibit 3) details that petitions for foreclosures must have an examination of ownership by Land Court's Chief Title Examiner, a Mortgagee Affidavit and a promissory note as per "Matt"(Complaint Ex 19) all mandatory as a matter of law. The dockets and case files in MSC and MDC (Complaint Ex. 14) reveal Bank Defendants submitted neither.

## XVI - Defendants Usurped the "Exclusive, Original Jurisdiction of Land Court"

44. To avoid an examination of their fraudulent mortgage assignment by Land Court's Chief Title Examiner, the scrutiny of which would expose that Bank Defendants have NO PROMISSORY NOTE, Bank Defendants usurped the "original, exclusive jurisdiction" of Land Court when Defendant Ablitt Law Group, the Bank's first law firm, poisoned the records in the Registry with the fraudulent mortgage assignment (Complaint Ex. 10) unlawfully started a foreclosure action in MSC where Judge Inge did not require the Bank to meet the legal requirement for ownership, "a valid mortgage assignment and a promissory note" as mandated by case law in Exhibits 19-22 and aided the Bank usurp the judicial process of Land Court.

### More Forgery and Mail Fraud by Bank Defendants

45. Plaintiff informed Judge Inge about Ablitt forging Plaintiff's signature onto a USPS Return Receipt (Felony), but J. Inge allowed and aided the forgery, and the Order failed to reference Complaint Ex. 6, a USPS Tracking Report that reveals the Return Receipt Ablitt forged did not pass through the Postal Service, which proved Plaintiff received no Notice of Sale, without which **Plaintiff was not properly served regarding foreclosure** – and Defendants had no standing to initiate a Power of Sale. Plaintiff's case must be reinstated as a matter of law as Defendants failed to initiate foreclosure in Land Court, failed to properly serve Plaintiff and poisoned the record in MSC by submitting forged USPS Receipts.

## XVII - The State Courts were Robbed of Jurisdiction by Bank's Fraudulent, Robo-signed Mortgage Assignment, which renders all orders Null and Void.

46. Bank Defendants and their convicted co-conspirators violated 18 US §3 "aid and abet"; 18 US §4 "misprision of felonies"; 18 US § 241 "conspiracy against rights" and 18 US §242

19

"deprivation of rights under color of law" and more violations listed in Plaintiff's Complaint, including targeting and discrimination against Plaintiff's SSI Disabilities in violation of Title II ADA protections, the Civil Rights Act, his pro se rights, plaintiffs' rights and natural rights. The Order was issued without jurisdiction in clear violation of US Supreme Court rulings, "Judges that act without jurisdiction commit crimes against the US Government and treason" *US v. Will* 449 US 200 (1980) & *Cohens v. Virginia* 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821)

**XIII - Register O'Brien's Certified Affidavits ALONE Prove Defendants' Mortgage Assignment, Used to Foreclose on Plaintiff, is a Fraudulent, Robo-signed Document**

47.    Southern Essex County Register of Deeds, John O'Brien, wrote five certified affidavits (Exhibit 2) on Commonwealth letterhead to drive home the fact that the Bank Defendants' mortgage assignment is a counterfeit "corrupted" document with the **forged signatures of convicted robo-signer and counterfeiter, Linda Green, and four other forgers** exposed by Register O'Brien's forensic researchers, McDonnell Property Analytics, as known robo-signers/counterfeiters (Exhibit 2) listed in their List of Known Robo-signers who conspired with Bank Defendants to steal Plaintiff's home under color of law.

Register O'Brien is nationally recognized as a pioneer in foreclosure fraud along with his forensic research group, McDonnell Property Analytics, in the identification of known robo-signers and fraudulent mortgage assignments (Exhibit 2). Register O'Brien has been on CBS News 60 Minutes and many other news programs and featured in trade publications. Register O'Brien's web site is @ http://www.salemdeeds.com/ - an educational tool to help victims detect robo-signed documents.

**XIX - The Kingston Report's evidence ALONE provides irrefutable proof that Plaintiff will prevail at trial and defeats Defendants' claim "Plaintiff can't possibly prevail at trial."**
Register O'Brien's affidavits support and corroborate the forensic report and affidavit by Plaintiff's expert witnesses, **The Kingston Research Group**, experts in forensic research of public records (Complaint Exhibit 11, updated version in Plaintiff's Response to Ablitt's Motion to Dismiss). The Kingston Report (Complaint Ex. 11) exposes several issues why the mortgage assignment is a forged document (Exhibit 2); its assignment chain is racked with "gaps", which alone robs the Bank of standing; MERS had no authority to assign two years after the

20

Bankruptcy Trust was frozen by US Bankruptcy Court in 2007 (Defendants' assignment was made in 2009) **rendered the underlying rulings void**.

48.     Register O'Brien's five certified affidavits (Exhibit 2) support the affidavit of Mr. Bruce Boguslav of HSI Trust, Plaintiff's mortgage consultant (Complaint Exhibit 9), who has been on ABC News several times as a nationally recognized mortgage expert. Mr. Boguslav's first-hand experience [in his affidavits] and his Log Sheet regarding communications with mortgage servicers (Exhibit 4) memorializes his first-hand experience with AHMSI and the fact that Bank ended foreclosure in 2010 and placed Plaintiff in a HAMP Stay In Your Home Program. Mr. Boguslav's affidavit (Complaint Ex. 9) is uncontested by Defendants and his first-hand testimony ALONE will help Plaintiff prevail at trial. Mr. Boguslav's affidavit details his experience with State Actors that would not let him testify for Plaintiff, which robbed MSC and MDC of jurisdiction and rendered their rulings null and void

49.     Register O'Brien's certified affidavits also support Attorney General Martha Coakley's Amicus Brief in the "Ibanez" ruling *(HSBC v. Matt* SJC 11101(2013) (In Plaintiff's Response to Marinosci's Motion to Dismiss) that educated the legal community as to who robo-signer Linda Green is, what robo-signing is and warned the legal community to be aware that mortgage assignments bearing Linda Green's signature are fraudulent assignments. But, the Order willfully omitted any reference to AG Coakley's amicus brief and her "agreement" with banks to stop foreclosures. AG Coakley's amicus brief alone undermines the Order and determines Plaintiff will prevail at trial. Plaintiff's case must be re-instated based on AG Coakley amicus brief alone.

50.     Register O'Brien's affidavits corroborate the CBS News 60 Minutes series that exposed Linda Green as a robo-signer and explained what robo-signing is (Complaint Exs. 23 & 24) and exposed that hundreds of thousands of fraudulent mortgage assignments were counterfeited with Green's forged signature (Ex. 2)) (Complaint Exhibit 23 & 24), **including Bank's fraudulent mortgage assignment** (Exhibit 2) used to fraudulently gain the foreclosure and eviction orders. Register O'Brien's affidavits (Exhibit 2) support and corroborate a ruling in the Circuit Court of Palm Beach County, Florida (Complaint Ex. 11, Kingston Report) that there was no evidence of any permission from the Bankruptcy Court to allow the mortgage to be divested from the Bankruptcy estate; no evidence that MERS had authorization to assign in 2010, to a trust that

21

closed in 2006; and no evidence of any compliance with the PSA by the trust;

http://foreclosuredefensenationwide.com/?p=405 Plaintiff's case must be reinstated under Rule 12(b).

51.     Register O'Brien's certified affidavits corroborate and support the reports and letters issued by Dr. Vincent Vindice, director of the Mental Health Unit of MGH) (Complaint Exs. 2 & 3 and Response to Marinosci's Motion) in which he, an expert in separating fact from fantasy, documents that "judges are not basing their rulings on fact," depriving Plaintiff of due process.

**XX - Order Reveals Bias Against Plaintiff and Discrimination Against His SSI Disabilities**

The Order misapplies the Fed.R.Civ.P. Rule 12(b)(6) to unlawfully dismiss Plaintiff's case, **but suspended the Fed.R.Civ.P. to allow Ablitt Defendants standing two months after their default date** – clearly a violation of due process and equal protection. Plaintiff's Exhibits, including attached Exhibit 2, prove Ablitt was the Bank's first law firm that submitted the fraudulent mortgage assignment (Exhibit 2) that poisoned the record in the Registry, MSC and MDC and turned them into crime scenes - to deprive Plaintiff of ADA "reasonable accommodations," which in this case would be to **stop targeting Plaintiff's disabilities and stop aiding Defendants' criminal conspiracy to steal Plaintiff's home under color of law.** When informed of the targeting of Plaintiff's disabilities by Defendants to aid Bank steal Plaintiff's home, under color of law, any reasonable jury will decide to provide Plaintiff with relief under 42 US §1983.

**XXI - The Order was issued without Jurisdiction in Excess of Official Capacity:**

The Order is based on Defendants' false claim Plaintiff's evidence "will not prevail at trial." The Order is void as it is based on Defendants' fraudulent, robo-signed mortgage assignment (Exhibit 2) and in defiance of the fact that Civil rights and ADA advocate, Kimberly Bukstein, documented wrongdoing by MDC personnel and Hinshaw attorneys' discrimination against Plaintiff's disabilities colluded to deny Plaintiff's uncontested motions and back-dated an entry into the case docket to deprive Plaintiff of an appeal or the time in which to file a Notice of Appeal. Ms. Bukstein and Dr. Vindice's determinations concur with the Social Security Administration's diagnoses that "judicial corruption" (their words, in Complaint Exhibit 1) destroyed Plaintiff's family and business. The Order continues the discrimination by repeating Defendants' lies and allowed Defendants to operate above the law. The Order is void and Plaintiff has presented enough evidence to prevail at trial if he is only afforded a fair tribunal.

22

## XXII - Plaintiff had no Discovery, no Trial, no Appeal, no Due Process, no Equal Protection

In 2009, MSC Judge Inge allowed Defendants Deutsche Bank and Ablitt to usurp the jurisdictional authority of Land Court and did not require the Bank to produce <u>a mandatory mortgagee's affidavit, a valid mortgage assignment, a promissory note or a review of the assignment chain by Land Court's Chief Title Examiner</u> (See Land Court web site Ex. 3). At the same time Judge Inge refused to allow Plaintiff to participate, testify or present evidence. Plaintiff submitted a Motion to Void Judgment, which was denied in violation of Plaintiff's right to standing and the SCOTUS ruling in the "***Carpenter v. Longan***," 83 U.S. 16 Wall. 271 271 (1872) and "Matt," "Drouin," "Ibanez" and "*Cosajay v. MERS*" that is not time barred and renders J. Inge's bogus ruling null and void.

**In 2013, the MSC Docket** (Complaint Ex. 18) reveals, Judge Tuttman scheduled an evidentiary hearing. But, at the hearing would not allow Plaintiff or his fact witness to testify or submit any evidence, depriving Plaintiff of standing and due process, but allowed the Bank to submit the fraudulent mortgage assignment (Ex. 2) as the only proof of ownership.

## XXIII – The Order Claims "State Judges Acted within their Judicial Capacity"

This claim, as all claims in the Order, is false and unsupported by fact or law – <u>MSC and MDC judges acted outside their judicial authority when they</u> ignored evidence and procedure, obstructed the record, retaliated, manufactured facts and ignored others, dismissed valid claims and defenses, mischaracterized pleadings, engaged in ex parte communication, did not read petitioner's pleadings, refused to hear petitioner's motions, ignored motions for findings of fact or conclusions of law, and misapplied the law. Petitioner alleged these acts were knowing and intentional. They are well supported in the record. In violation of **Title 18 U. S. C. § 242 provides that judges are liable for criminal acts committed under "<u>color of law</u>."** <u>allowed Bank Defendants to usurp the jurisdictional authority of Land Court, forge Plaintiff's signature onto a USPS Return Receipt, alter the case docket, violate Plaintiff's due process and did not require the Bank Defendants to produce a promissory note, mortgagee affidavit, examination of title history by Land Court Chief Title Examiner or</u> **valid** <u>mortgage assignment all of which are mandated by law,</u>(Complaint Exs. 19-22) violation of Rules of Foreclosure Procedure.

**Ongoing mortgage fraud -** Register John O'Brien's Web Page www.salemdeeds.com
documents his Registry alone caught 32,000 fraudulent mortgage documents;
There is overwhelming legal sufficiency to show Plaintiff is entitled to relief as his Complaint
claims meet the legal standard of Rule 12(b) w/Exhibits that prove the claims are fact.

Plaintiff's "claims" and corroborative complaints worthy of relief under 42 US §1983 and the
other citations in Plaintiff's Complaint and Exhibits 9, 11, 23 & 24 prove Defendants used fraud
upon the Court, forgeries and a fraudulent mortgage assignment to deprive Plaintiff of civil
rights and steal Plaintiff's home under color of law with no, no, no valid claim of ownership.
**XXV – Analysis:** Judge Saylor's Order is based in fabrication and willful omission of Plaintiff's
Exhibits and case law and was written to aid Defendants' criminal conspiracy with convicted
robo-signers who counterfeited the Bank's fraudulent mortgage assignment (Ex. 2) to steal
Plaintiff's home under color of law - as exposed by Register O'Brien & Kingston Research
Group (Exhibit 2 and Complaint Exhibits 11, 23 & 24) & "Cosajay."

**On pg. 6** the Order claims the 1983 only makes claims that "relate to their judicial duties," in
contrast is Exhibit 5 that contains date-stamped Judicial Notices regarding the unlawful actions
taken by judges and staff that are certainly NOT within their judicial duties – but carried out to
deprive Plaintiff of rights to aid the bank steal Plaintiff's home under color of law. None of the
required Defendants legal standard of a valid mortgage assignment, promissory note, mortgagee
affidavit or review by Land Court. The unlawful acts in the Judicial Notices are uncontested by
Defendants and are sufficient to entitle Plaintiff to 1983 relief.

**On Pg. 7** The issue of Res Judicata is claimed, but the Order makes no reference to the Exhibits
that prove the Bank's documents are counterfeited, robo-signed documents forged in conspiracy
with convicted robo-signers (Ex. 2), which **robbed the Court of jurisdiction,** "A void judgment
is one that has been procured by extrinsic or collateral fraud, or entered by court that did not
have jurisdiction over subject matter or the parties", *Rook v. Rook*, 353 S.E. 2d 756 (Va. 1987).
The record below proves Plaintiff claimed the court was robbed of jurisdiction by the fraudulent
mortgage assignment (Ex. 2) and Plaintiff challenged the court's jurisdiction and Judge Yee
stopped the trial – but Judge Leoney unlawfully bullied Plaintiff into a SHAM, SHAM, SHAM
trial without first establishing jurisdiction in violation of "Once jurisdiction is challenged, the
court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no

authority to reach merits, but, rather, should dismiss the action." *Melo* v. *US*, 505 F2d 1026.
"There is no discretion to ignore that lack of jurisdiction." *Joyce* v. *US*, 474 F2d 215. "The
burden shifts to the court to prove jurisdiction." *Rosemond* v. *Lambert*, 469 F2d 416.
"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted."
*Lantana* v. *Hopper*, 102 F2d 188; *Chicago* v. *New York*, 37 F Supp 150.

The decisions below were NOT made "on the merits" and do NOT meet the standard of Kobrin
v. had no fair hearings or trial and was deprived of an opportunity to present evidence or have his
experts testify as corroborated by the affidavit of Mr. Bruce Boguslav (Complaint Ex. 9).
All claims by Defendants and Judge Saylor that Plaintiff received fair hearings or orders based
on the merits when the merits are in Plaintiff's Exhibits and the Law, specifically the Bank's
fraudulent mortgage assignment (Ex. 2) and "Cosajay" both of which prove the Bank used
fraudulent

All Claims by Defendants and J. Saylor are false and based on willfully omitting the "merits" of
the case in Plaintiff's Exhibits and case law, and prove Plaintiff met all requirements for relief
under 1983 and all requirements of Rule 12(b)(6) and all requirements of "Hafer v. Melo."
Defendants literally met NO LEGAL REQUIREMENTS since their scheme started with a
fraudulent mortgage assignment that they used to poison the records in state courts using fraud
and perjury. mortgage documwents to poison the case in to Judge Saylors Order that willfully
omits all references to the "merits" of the case in Plaintiff's uncontested Exhibits and uses
fabrication, fraud, beliefs and absurd claims to deprive Plaintiff of a fair tribunal, due process,
equal protection and a jury trial for the financial benefit of the Bank and other Defendants.
**Pg. 7** – Claims against Massachusetts, MSC and MDC are valid as detailed under "*Hafer v.
Melo*" unanimous Supreme Court ruling, and other citations listed in Section III above. Their
unlawful acts preclude absolute and Eleventh Amendment immunity, as immunity only exists
when parties "act in good faith." Here, they acted with counterfeiters and land grabbers.
"The remaining parties" acted in conspiracy and jointly acted with state actors and Bank robo-
signers, forgers and counterfeiters some already convicted as detailed above and in Ex. 23-24.
The "private parties" jointly acted in collusion with state actors, and willfully poisoned the
records in the Registry, MSC and MDC where they paid fees and entered into "contracts" with
Defendant state actors, corts and defendant Massachusetts who aided the poisoning of public

25

Registry and Court records, and none of whom required the Bank to meet the legal requirement of "Matt," the standard of Land Court (Exhibit 3), or "Ibanez," "Drouin" or "Carpenter v. Longan" (in Exhibits 19-22). 1983 states that parties that conspire with state actors are liable. The "private parties" are also "officers" of the state courts and acted jointly with other officers of the court to deprive Plaintiff of protected rights to steal his house under color of law. Defendant debt collectors are liable Under 42 USC 1983 for allowing robo-signed documents to be entered in said foreclosure proceedings.

A. Defendant debt collectors' foreclosure proceedings must be based on personal knowledge of the facts and not on "robo-signed" documents.

B. Defendant debt collectors may not rely on an inaccurate "robo-signed" affidavits to obtain a foreclosure judgment.

C. Defendant debt collectors must have standards for qualifications, training and supervision of employees that sign affidavits; and shall ensure that they have an adequate number of employees with reasonable time to prepare, verify and execute affidavits.

D. Defendant debt collectors shall not pay incentives to employees or third parties to encourage speed in the signing of affidavits in foreclosure proceedings.

For additional information visit:  http://www.riag.ri.gov/documents/reformshomeowners.pdf

Pg. 9 – RICO: Register O'Brien's affidavits (Ex. 2) and Complaint Exhibits 11, 9, 19-24 prove Defendants counterfeited the mortgage assignment in 2009 and since then used it to poison the records in state courts, the Registry and this court in a pattern of racketeering consistent with a RICO scheme under 18 USC §1961.

"The complaint fails to allege any instances of mail fraud." In contrast to that false claim the complaint describes the forging of a US Postal Service Return Receipt that they willfully submitted to the Court to make the record reflect that Plaintiff had been served. The Office of the US Postal Inspector assures Plaintiff falsigying Postal records is mail fraud. Exhibits 5 & 6 prove, prove, prove that Defendants forged Plaintiff's name onto a USPS Return Receipt, which they later admitted and ended foreclosure in 2010.

Judicial hate crimes are civil rights violations directed at a particular party of class of people such as pro se litigants. Legislating from the bench, altering records and other acts of judicial

The Order willfully omits reference to Plaintiff's Exhibits and placed procedure above the law, anointed Deutsche Bank as the expert on foreclosure and repeated their fraud as fact.

I solemnly swear under pains and penalties of perjury that the statements herein are true and accurate to the best of my ability. Submitted this 17th day of March 2014 by

Edward S. McLarnon

Edward S. McLarnon
Pro se litigant
49 Hanover Street
Malden, MA 02148
781 3214 1989

Plaintiff Certificate of Service:  Plaintiff hereby affirms a copy of the motion above was forwrded by US Mail on March 18, 2014 to the Defendants' attorneys at:

Atty. Edward J. Mulligan 50 Park Row West, suite 111 Providence, RI 02903
Trial Division, Office of the Attorney General One Ashburton Place, Boston 02108
Ablitt Law Group 304 Cambridge Rd. Ste 400, Woburn, MA 01801
Hinshaw & Culbertson  28 state street 24th Floor, Boston, MA 02109