## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

—————————————————————————
)
EDWARD S. McLARNON,                              )
                                                 )
    Plaintiff,                  )
                                                 )     **Civil Action No.**
    v.                          )     **13-12815-FDS**
                                                 )
DEUTSCHE BANK NATIONAL TRUST                     )
COMPANY, as Trustee for HarborView               )
Mortgage Loan Trust Mortgage Loan Pass-          )
Through Certifications, Series 2007-5,           )
ABLITT LAW GROUP, GARRY INGE,                    )
KATHE TUTTMAN, MIDDLESEX                         )
SUPERIOR COURT, MARINOSCI LAW                    )
GROUP, CHRISTINE BENWAY, BRIAN                   )
KISER, LEE G. JOHNSON, PAUL YEE,                 )
PAUL BURKE, JANE DOE, JOHN DOE #1,               )
JOHN DOE #2, JOHN DOE #3, MALDEN                 )
DISTRICT COURT, and                              )
COMMONWEALTH OF                                  )
MASSACHUSETTS,                                   )
                                                 )
    Defendants.                 )
—————————————————————————)


### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION, FINDINGS AND RULINGS, RECUSAL, CHANGE OF VENUE AND PRESENTMENT TO THE GRAND JURY

**SAYLOR, J.**

    This action appears to arise from a mortgage foreclosure.  Plaintiff Edward S. McLarnon, acting *pro se*, contends that defendants violated his constitutional rights and various federal statutes.  On February 25, this Court granted defendants' motions to dismiss the complaint.  Plaintiff has filed five motions seeking reconsideration of that ruling and other relief.  For the reasons set forth below, the motions will be denied.

## I.  <u>Motion for Reconsideration</u>

The Court has "substantial discretion and broad authority" to grant a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).[1] *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008).  A motion for reconsideration will be granted upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension."  *Id.*  A Rule 59(e) motion cannot be used to "advance a new argument that could (and should) have been presented prior to the district court's original ruling."  *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).  Nor is a Rule 59(e) motion an appropriate means to "repeat old arguments previously considered and rejected." *Nat'l Metal Finishing Co., Inc. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

The motion for reconsideration largely reiterates the allegations of the complaint and arguments made in opposition to the motions to dismiss.  Plaintiff cites additional cases in support of those arguments—for example, *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282 (1st Cir. 2013), and *Cosajay v. Mortgage Elec. Registration Sys., Inc.*, 2013 WL 5912569 (D.R.I. Nov. 5, 2013)—that he contends mandate a different outcome.  Not only could these arguments have been presented prior to the original ruling because they are not newly decided, they do not require a different outcome.

Plaintiff asserts two plausibly new facts.  First, he includes four affidavits of John L. O'Brien, Register of the Southern Essex District Registry of Deeds, who states that Shawanna Crite, Christina Huang, Tywanna Thomas, and Dawn Williams are robo-signers, and attaches a list of robo-signers, which includes the name Linda Green.  The signatures of those persons are

---

[1] Plaintiff purportedly brought his motion pursuant to Fed. R. Civ. P. 54(b).  However, that Rule applies in cases where a court has entered final judgment as to fewer than all claims in a single action.  Here, the Court has entered judgment as to the entire claim and therefore will consider the motion under the framework of Fed. R. Civ. P. 59(e).

on the document assigning plaintiff's mortgage.  The affidavits are dated February 26, 2014, and therefore are, on their face, "new" evidence.  But there is no indication that plaintiff could not have obtained the affidavits earlier and they would not, in any case, have altered the Court's analysis.

Second, he alleges that the Court was biased.  He presents in support that "the Order falsely states Deutsche Bank 'is the expert in foreclosure,'" "the Bank did everything right," and "the Bank is the expert" (Mot. Reconsideration at 4, 16); that it "willfully omits any reference to the thirty (30) Exhibits" and to "the bankruptcy of Plaintiff's mortgage company" (*id.* at 5, 15); that it "willfully omits relevant case law submitted by Plaintiff" (*id.* at 5); and that it discriminated against him because of his disabilities (*id.* at 22).  The ruling did not, in fact, make any of the statements plaintiff quotes.  Furthermore, the Court considered all evidence, exhibits, and case law plaintiff submitted, and granted plaintiff's request for additional time to respond based on his disability.  The record contains no objective evidence of bias, nor was the Court subjectively biased.

Accordingly, the motion for reconsideration will be denied.

## II.      Motion for Findings and Rulings

Plaintiff has moved under Fed. R. Civ. P. 52 for "findings and rulings."  That rule generally requires that a court set forth findings of fact and law in a case was "tried on the facts without a jury or with an advisory jury" or in "granting or refusing an interlocutory injunction." Fed. R. Civ. P. 52(a)(1), (2).  The rule specifically exempts from the requirement rulings on motions under Fed. R. Civ. P. 12 or 56 or any other motion.  Fed. R. Civ. P. 52(a)(3).  The requirement therefore does not apply here, and accordingly, plaintiff's motion will be denied.

## III.     Motion for Recusal or to Amend the Judgment

Plaintiff contends that recusal is appropriate under 28 U.S.C. § 455 because of "an

3

unconscionable level of judicial error or incapacity" and because his order "indicates he has an impermissible financial interest in the outcome of the litigation as he fabricates many fantasies to protect the Bank Defendants."  (Mot. for Recusal at 1).  Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The Court's ruling adverse to plaintiff is not evidence, by itself, of bias, and no other grounds for recusal based on the appearance of bias present themselves.  Section 455(b) sets forth specific situations in which a judge must disqualify himself, including where he "has a financial interest in the subject matter in controversy or in a party to the proceeding."  28 U.S.C. § 455(b)(4).  The Court has no such interest in this matter or in any of the parties.  Accordingly, the motion for recusal will be denied.

In the alternative, plaintiff seeks amendment of the judgment pursuant to Fed. R. Civ. P. 59.  As set forth above, sufficient grounds for reconsideration do not exist.  Accordingly, the motion will be denied.

## IV.    **Motion for Change of Venue**

Plaintiff moves for a change of venue to Rhode Island or, in the alternative, to the District of Columbia.  28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Plaintiff already made his choice of venue by filing his case in this Court and the case has now been dismissed.  A change of venue is therefore improper, and accordingly, the motion will be denied.

**V.**     **Motion to Make Presentment to the Grand Jury**

Plaintiff requests that he be granted access to the grand jury to seek indictments against defendants and this Court.  None of the legal authority that plaintiff cites grants him the right to make a presentment to the grand jury.  Accordingly, the motion will be denied.

**VI.**    **Conclusion**

For the foregoing reasons, plaintiff's motion for reconsideration, motion for findings and rulings, motion for recusal, motion for change of venue, and motion to make a presentment to the grand jury are DENIED.

**So Ordered.**

<br>

/s/ F. Dennis Saylor_____
F. Dennis Saylor IV
Date:  April 10, 2014                    United States District Judge